CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 11 2007 ★

BROOKLYN OFFICE

**07  2801**

**ROSS, J.**

**POLLAK, M.J**

UNITES STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

LOWEN'S DRUG STORE, INC.,

              Plaintiff,

    - against -

DNP INTERNATIONAL, INC.,

             Defendant

-----------------------------------------------------------x

Index No.

**COMPLAINT**

Plaintiff, complaining of the Defendant by Aufrichtig Stein & Aufrichtig, P.C., its attorneys, as and for its complaint, upon information and belief, respectfully set forth and alleges:

### AS AND FOR A FIRST CAUSE OF ACTION

1.     Plaintiff is a corporation under the laws of the State of New York having its principal place of business in New York.

2.     Defendant is a corporation incorporated under the laws of the State of California having its principal place of business in a state other than New York.

3.     The matter in controversy exceeds the sum of $75,000.00.

4.     This Court has subject matter jurisdiction over the claims asserted herein pursuant to 15 U.S.C. §§1121 and 1125(a) and 28 U.S.C. 1332.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) in that Defendant is subject to personal jurisdiction in this judicial district at the time this action is commenced which is a judicial district in which a substantial part of the events giving rise to the claims occurred.

6. Plaintiff is a licensed pharmacy authorized to manufacture and sell pharmaceutical products and to manufacture and compound prescriptions.

7. The Defendant widely advertises in New York its services as a provider of large amount of raw material, chemicals, minerals and other products.

8. Upon information and belief such products are imported by the Defendant from China.

9. The Department of Drug Enforcement ("DEA") requires that all importers of controlled substances be registered with it in order for such importation to be permitted.

10. The United States Food and Drug Administration ("FDA") requires that all drug establishments provide it with a current list of drugs, manufactured, prepared, propagated, compounded or processed by it for distribution. Such drugs are identified and reported under a unique national drug code number ("NDC").

11. Upon Plaintiff's request for a copy of Defendant's DEA registration and NDC number the Defendant failed to respond.

12. Upon inquiry at the DEA and FDA it has been discovered that

Defendant has neither applied for nor obtained any registration from DEA allowing it to import controlled substances nor has it ever registered any of its products with the FDA.

13. In or during 2006, responding to advertising received from the Defendant, Plaintiff entered into a continuing relationship with the Defendant pursuant to which, based upon the offerings received from the Defendant, Plaintiff purchased from the Defendant ingredients and raw materials including somatropin, testosterone pypionate and nandrolone decanoate for use in its compounding activities.

14. As a result of the purchase by Plaintiff from Defendant of these ingredients and other raw materials for use in its compounding business, Plaintiff became involved in an operation by the DEA which confiscated from it raw materials and original prescriptions and precluded it from selling unused product on its premises in the sum of $143,000.00.

15. Defendant has refused and still refuses to receive a return of this unusable product and to repay the sum of $143,000.00.

16. As a result Defendant is indebted to the Plaintiff in the sum of $143,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION

17. Plaintiff repeats and realleges the allegations heretofore made in the paragraphs of this Complaint designated 1 through 16 with the same force and effect as if same were here again at length set forth.

3

18. When Plaintiff's premises were visited by Mark Haskins, a Senior Investigator for the New York State Bureau of Narcotic Enforcement, together with a team from his area, they confiscated from the Plaintiff material already prepared for sale for the stated reason that DNP International, Inc., its supplier, was unregistered and, therefore, its sales were unauthorized and in violation of law.

19. The value of the property confiscated was $130,000.00.

20. Plaintiff has not been reimbursed for such amount by the Defendant.

21. By reason of the foregoing, Defendant is indebted to Plaintiff in the sum of $130,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION

22. Plaintiff repeats and realleges the allegations heretofore made in the paragraphs of this Complaint designated 1 through 21 with the same force and effect as if same were here again at length set forth.

23. As a direct result of the visits of inspectors of the DEA Plaintiff has been falsely accused in the press of being in violation of law as a result of which it has suffered a loss of business, embarrassment and other similar damages all amounting to the sum of $1,000,000.00.

WHEREFORE, Plaintiff demands judgment against Defendant upon the First Cause of Action in the sum of $143,000.00, upon the Second Cause of Action in the

sum of $130,000.00, upon the Third Cause of Action in the sum of $1,000,000.00, punitive damages of $1,000,000.00, all with interest, costs and legal fees and such other remedies as to the Court may seem proper in the premises.

Dated:   New York, New York
         July            , 2007

                                       AUFRICHTIG STEIN & AUFRICHTIG, P.C.

                            By:  _____
                                 Paul S. Aufrichtig (PA 1117)
                                 Attorneys for Plaintiff
                                 300 East 42nd Street, 5th Fl.
                                 New York, New York  10017
                                 (212) 557-5040